■ ORRIN W. MAIN et al., Appellants, v. DUN & BRADSTREET, INC., et al., Respondents.— Order entered February 17, 1969 and the judgment dismissing the complaint entered thereon on February 28, 1969 affirmed, with $50 costs and disbursements to the respondents. To the well-reasoned opinion of Special Term we would add the following: On July 24, 1956 plaintiff Orrin W. Main wrote a letter to defendant, Leonard C. Yaseen, requesting authorization to approach Dun & Bradstreet and confirmation of payment of a brokerage commission of 3%. With regard to the latter, Main wrote: " Mr. Matshak informs me that his understanding with you is that you agree to pay a total brokerage commission of 3% on the amount of the consideration *on a sale or consolidation which he and his associates are able to consummate*. May I have your confirmation of this understanding? " (Emphasis added.) Upon further oral request for confirmation of the 3% brokerage commission arrangement, Yassen (on behalf of defendant Fantus) wrote to Main and Matshak by letter dated August 16, 1956: " Presently negotiations are pending between Dun & Bradstreet, Inc., * * * and the undersigned for the sale of our business to Dun & Bradstreet, Inc. * * * We herewith confirm that you are the sole brokers who have brought about such negotiations. * * * In the event that for any reason whatsoever the said sale is not consummated * * * you shall not be paid any commissions, compensation or expenses of any nature or kind whatsoever ". Dun & Bradstreet and Fantus failed to reach agreement regarding the cash payment in 1956 through 1958. Fantus remained adamantly opposed to the sale upon the terms proposed by Dun & Bradstreet, and Dun & Bradstreet refused to raise its offer for Fantus. Plaintiffs admit that no attempts were made after May, 1958 to communicate with either Dun & Bradstreet or Fantus regarding the sale of Fantus to Dun & Bradstreet or to anyone else. Special Term's finding of abandonment in 1958 on the part of the plaintiffs is compelled by the record. Lacking consummation of a sale of Fantus to Dun & Bradstreet as contemplated by the parties, plaintiffs were not entitled to a commission. Plaintiffs were unable to consummate any sale or consolidation. The transaction envisaged by the parties was never realized. The complaint was properly dismissed. Concur — Eager, J. P., Capozzoli, McGivern and Nunez, JJ.; McNally, J., dissents in the following memorandum: I would reverse and deny the motion for summary judgment. There are issues of fact: (1) Whether the contract dated August 16, 1956 employed plaintiffs as brokers or acknowledged plaintiffs as the finders. The contract describes plaintiffs as " sole brokers who have brought about such negotiations ". The title of " broker " is not necessarily conclusive. Consistent with the role of finders is that the agreement relates to services rendered and does not require additional services. The contract provides " It is understood and agreed that we shall pay you in full compensation for all services rendered by you and all expenses incurred by you a total * * * of * * * (3%) ". The services referred to are those ren-

dered and the expenses referred to are those incurred. Plaintiffs did not agree to render future services, nor is there any recognition of the need for future expenses on the part of plaintiffs. These circumstances are consistent with the recognition of plaintiffs as finders who brought to defendants a business opportunity for them to develop, subject only to an obligation to plaintiffs if the deal closed and payment was made. (2) There is also an issue of fact in my judgment as to the alleged abandonment of the agreement by plaintiffs. Abandonment is essentially an issue of fact. This is particularly so where, as here, if plaintiffs are finders, they are not required to establish performance on their part. Defendants then would have the burden of coming forward to establish that plaintiffs did not find the business opportunity of which defendants availed themselves. Further, it is plaintiffs' contention that Warner was recognized as the broker in connection with the sale ultimately consummated and paid a fee of $15,000 solely to give the impression that the consummated deal resulted from activity of Warner wholly unrelated to plaintiffs' efforts. It is plaintiffs' claim that Warner was introduced into the situation by defendants; that he had nothing to do with the reopening of negotiations which led to the consummation, and was ignorant of all of the material underlying and relevant circumstances. If plaintiffs establish these allegations, it may well be inferred that the contract with plaintiffs had not been abandoned and that defendants sought to evade their obligation to plaintiffs by falsely presenting Warner as the broker. Whenever there is doubt as to the existence of a triable issue or, for that matter, even when the issue presented is fairly debatable, summary judgment should be denied. (*Stone* v. *Goodson,* 8 N Y 2d 8, 12; *Falk* v. *Goodman,* 7 N Y 2d 87, 91; *Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 404.)